IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH HERBERT DEEP JR.,       )
                        Petitioner,   )
                                    )
   vs.                            )       Civil Action No. 16-147
                                    )       Judge Arthur J. Schwab/
COURT OF COMMON PLEAS OF       )       Chief Magistrate Judge Maureen P. Kelly
WESTMORELAND COUNTY,           )
                                    )
                     Respondent.   )

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 4, be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

**II. REPORT**

    **A. Relevant Procedural History**

Ralph Herbert Deep Jr., ("Petitioner"), currently a state prisoner at the Westmoreland County Prison, filed this Petition, seeking to challenge his convictions for, *inter alia*, Aggravated Assault and Terroristic Threats. The Court takes judicial notice of the following facts.[1] Petitioner's conviction was obtained in the Court of Common Pleas of Westmoreland County.

---

[1] The court takes judicial notice of Petitioner's criminal dockets in the Court of Common Pleas of Westmoreland County which are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-65-CR-0005035-2014
 (site last visited 3/17/2016).

Petitioner pleaded guilty on December 18, 2015 and was sentenced that same date. A Post-Sentence Motion was filed on December 29, 2015. The prosecutor filed a Memorandum in Opposition to the Post-Sentence Motion on January 13, 2016. Petitioner then filed a pro se Post Conviction Relief Act ("PCRA") petition on January 19, 2016. His then-counsel filed a Motion to Withdraw on January 22, 2016, which the Court of Common Pleas granted that same day. The Westmoreland County Court of Common Pleas has not yet ruled on Petitioner's Post-Sentence Motion. On March 1, 2016 the Court of Common Pleas entered an order granting a Motion for Appointment of Conflict Counsel. As of the date of this Report and Recommendation, no further activity has occurred on the docket of the Court of Common Pleas in Petitioner's underlying criminal case.

In the meantime, while the Post-Sentence Motion was pending and prior to Petitioner filing his pro se PCRA Petition, Petitioner initiated the current Petition in this Court on February 9, 2016, when the Clerk of Courts received the Petition albeit without filing fee or a Motion for Leave to Proceed In Forma Pauperis. The Court directed Petitioner to cure this deficiency. ECF No. 2. Petitioner paid the filing fee on March 1, 2016, and the Petition was formally docketed on that date. ECF No. 4.

### B. Discussion

#### 1. Rule 4 pre-service dismissals

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court dockets. See, e.g., Brown v. Whetsel, No. CIV-05-568-F, 2005 WL 1606457 (W.D. Okla. June 1, 2005)(in Rule 4 case, court took judicial notice of state court docket); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998) (in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

This power of the court to summarily dismiss a petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief includes the power of the court to dismiss the petition where it discloses that state court remedies have not yet been exhausted.[2] See, e.g., Williams v. Wynder,

---

[2] To the extent that Petitioner is entitled to notice and an opportunity to respond to the fact that he failed to exhaust his state court remedies, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, at *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

232 F. App'x 177 (3d Cir. 2007) (affirming District Court's sua sponte pre-service dismissal of the habeas petition pursuant to Rule 4 due to Petitioner's failure to exhaust state court remedies); Resendez v. McKaskle, 722 F.2d 227 (5th Cir. 1984) (notwithstanding that state may waive exhaustion requirement in a habeas proceeding, the federal district court has authority under Rule 4 to sua sponte dismiss habeas petitions for failure to exhaust state remedies).

### 2. Petitioner has failed to exhaust his state court remedies.

Congress has provided in 28 U.S.C. § 2254 that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this Court must analyze the question of whether Petitioner has exhausted his state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[3] the United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question that the Court must resolve is this: at the time he filed this habeas Petition, did Petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. §

---

[3] See, e.g., Lines v. Larkins, 208 F.3d 153, 160 n.9 (3d Cir. 2000); Bailey v. Nagle, 172 F.3d. 1299 (11th Cir. 1999).

2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. § 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The animating principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance...."), *overruled on other grounds by*, Coleman v. Thompson, 501 U.S. 722 (1991), *modified on other grounds by*, Martinez v. Ryan, 132 S.Ct. 1309 (2012). Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the

5

Petitioner's burden to prove that he has met the exhaustion requirement. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).[4]

However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). Presently, there is an appropriate state remedy, the currently pending PCRA petition in the Common Pleas Court of Westmoreland County.

When Petitioner initiated this action on February 9, 2016, he had a currently pending Post-Sentence Motion in the Court of Common Pleas of Westmoreland County as well as his pro se PCRA petition. Because the Petitioner's post sentence motion and/or PCRA petition could afford him relief from the convictions that he seeks to attack herein and because there is no issue as to the AEDPA statute of limitations, this instant Petition should be dismissed without prejudice to filing a new habeas petition after all state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief. See, e.g., Rose v. Lundy, 455 U.S. at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) ("Nor should we discourage petitioners from

---

[4] If a state prisoner, seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a petitioner fails to show "good cause" as to why he did not exhaust, the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Rose v. Lundy, 455 U.S. 509 (1982), modified by, Rhines v. Weber, 544 U.S. 269 (2005); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). If Petitioner has any arguments as to why he has good cause for his filing this habeas petition while he has a currently pending PCRA petition in the state courts, he may raise such arguments in any objections if he chooses to file such.

exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court."). Accordingly, it is recommended that the Petition be dismissed before being served albeit without prejudice.

### C. Certificate of Appealability

Because jurists of reason would not find the foregoing analysis debatable, a certificate of appealability should be denied.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: March 17, 2016  s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Arthur J. Schwab
United States District Judge

RALPH HERBERT DEEP
4557-2015
Westmoreland County Prison
3000 S. Grand Boulevard
Greensburg, PA 15601